IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv282

| | |
|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida Non-Profit Corporation; and DENISE PAYNE, individually, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| TUNNEL ROAD (E & A) LIMITED LIABILITY COMPANY, a South Carolina Limited Liability Company, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER**

Pending before the Court is Plaintiffs' Motion for Extension of Time to File Response [#10]. Plaintiffs request an extension of time to respond to Defendant's Motion to Dismiss. Defendant's oppose granting Plaintiffs an extension of time. The Court **GRANTS** Plaintiffs' motion [#10].

**I.  Analysis**

As Plaintiffs concede, they filed their motion requesting an extension of time to respond to Defendant's Motion to Dismiss after the expiration of the deadline for filing their response. Rule 6(b)(1) of the Federal Rules of Civil Procedure governs the granting of an extension of time where a party moves for an extension after the

expiration of a specified deadline. Fed. R. Civ. P. 6(b)(1). In such cases, the Court may only grant an extension where "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

The phrase "excusable neglect" in Rule 6(b)(1)(B) "is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496 (1993). The determination of whether an attorney's neglect in missing a deadline is excusable is an equitable one that takes into account all the relevant circumstances concerning the attorney's omission. Id. at 395, 113 S. Ct. at 1498 (interpreting the term "excusable neglect" in the context of Bankruptcy Rule 9006(b)(1)); see also Thompson v. E.I. Dupont de Nemours & Co., 76 F.3d 530, 533 (4th Cir. 1996) (applying Pioneer to Federal Rule of Appellate Procedure 4(a)(5)); Gee v. Boyles, No. 1:10cv270, 2011 WL 666369, at *1 (W.D.N.C. Feb. 14, 2011) (applying Pioneer to Rule 6(b)(1)(B)) (Conrad, C.J.). The relevant circumstances include, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer, 507 U.S. at 395, 113 S. Ct. at 1498. The most important of these factors is the attorney's reason for missing the deadline. Thompson, 76 F.3d at 534.

The relevant circumstances of this case warrant granting Plaintiffs an extension of time to respond to Defendant's Motion to Dismiss. Here, Plaintiffs filed their motion requesting an extension of time within days of the expiration of the deadline; this is not a case where a significant period of time elapsed before a party requested an extension. Moreover, granting the extension will not prejudice Defendant and will not delay these proceedings. In fact, allowing Plaintiffs an opportunity to file a response to Defendant's motion will aid the Court in the administration of justice by allowing the Court to better evaluate whether the allegations contained in the Complaint set forth valid claims. Accordingly, each of these factors weighs in favor of granting the extension of time.

Although the filing of the response was in the reasonable control of Plaintiffs, counsel has submitted a sufficient rationale to the Court for missing the deadline. Counsel suffered a serious illness and spent two stints in the hospital, even though the first stint was shortly before the Defendant's filed their motion. Counsel represents to the Court that she was "extremely weak" and "virtually unable to work" until recently. (Pl.'s Mot. Extension Time, at 1-2.) Taking all the relevant circumstances into consideration and based on the interests of justice, the Court finds that Plaintiffs have demonstrated excusable neglect for failing to file a response to Defendant's motion within the required time period. The Court, therefore, **GRANTS** Plaintiffs'
-3-

Case 1:10-cv-00282-MR -DLH   Document 12   Filed 03/23/11   Page 3 of 4

Motion for Extension of Time to File Response [#10].

## II. Conclusion

The Court **GRANTS** Plaintiffs' Motion for Extension of Time to File Response [#10]. Plaintiffs shall file their response to Defendant's Motion to Dismiss by Wednesday, March 30, 2011. Absent compelling circumstances, no additional extension of time shall be granted for responding to the motion. Moreover, the Court **INSTRUCTS** counsel for Plaintiffs that future failures to comply with Court imposed deadlines will not be viewed in as lenient a manner.

Signed: March 23, 2011

Dennis L. Howell
United States Magistrate Judge