IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv282

| | |
|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida Non-Profit Corporation; and DENISE PAYNE, individually, <br><br> Plaintiffs, <br><br> v. <br><br> TUNNEL ROAD (E & A) LIMITED LIABILITY COMPANY, a South Carolina Limited Liability Company, <br><br> Defendant. | MEMORANDUM AND RECOMMENDATION |

Pending before the Court is Defendant's Motion to Dismiss [#8]. Plaintiff brought this action against Defendant alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"). Defendant moves to dismiss the Complaint for lack of standing and for failure to state a claim. Plaintiff, who is represented by counsel, failed to file a response to the Defendant's motion The Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss [#8].

I. **Background**

Plaintiff Denise Payne is a resident of Florida. (Pl.'s Compl. ¶ 2.) Plaintiff Payne suffers from cerebral palsy, which renders her paralyzed from the waist down. (Id. ¶ 8.) Plaintiff National Alliance for Accessibility, Inc. ("National Alliance") is a Florida non-profit corporation whose purpose "is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities." (Id. ¶¶ 3, 9.)

Defendant Tunnel Road (E & A) LLC is a North Carolina Limited Liability Corporation that owns or operates a shopping center in Asheville, North Carolina called the KMart Shopping Plaza. (Id. ¶¶ 4, 14.)

Plaintiff Payne alleges that she previously visited the KMart Shopping Plaza and encountered architectural barriers on the property that discriminated against her on the basis of her disability. (Id. ¶ 8.) Specifically, she contends that the KMart shopping Plaza is a place of public accommodation under the ADA and that the property fails to comply with a number of the Americans with Disabilities Act Accessibility Standards. (Id. ¶¶ 14, 17.) Plaintiff Payne also alleges that she intends to return to the property at some time in the future to "avail herself of the goods and services offered to the public at the property." (Id. ¶ 8.) Plaintiffs brought this action for injunctive relief under the ADA, attorneys' fees, costs, and expenses. Defendant

moved to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant's motion is now properly before the Court.

## II. Legal Standard

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R.Civ. P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiffs. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Plaintiffs have failed to satisfy such burden as they have failed to respond. In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991)

(Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

### III. Analysis

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. Doe v. Obama, 631 F.3d 157, 160 (4th Cir. 2011); Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 629 F.3d 387, 396 (4th Cir. 2011). The doctrine of "standing is an essential and unchanging part of

the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992). "This requirement ensures that a plaintiff has a personal stake in the outcome of a dispute, and that judicial resolution of the dispute is appropriate." Gaston Copper, 629 F.3d at 396. In order to satisfy the constitutional requirements for standing, a plaintiff must demonstrate:

> 1) he or she suffered an "injury in fact" that is concrete and particularized, and is actual or imminent; 2) the injury is fairly traceable to the challenged action of the defendant; and 3) the injury likely will be redressed by a favorable decision.

Id.; see also Lujan, 504 U.S. at 560-61, 112 S. Ct. at 2136.[1]

In certain circumstances, an organization may also have standing to assert claims on behalf of its members. Gaston Copper, 629 F.3d at 396-97. As the United States Supreme Court has explained:

> An association has standing to bring suit on behalf of its members when its members would have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires individual members' participation in the lawsuit.

Friends of the Earth, Inc. v. Laidlaw Env't Servs., 528 U.S. 167, 169, 120 S. Ct. 693, 697 (2000). Accordingly, an organization such as Plaintiff National Alliance must

---

[1] In addition to these constitutional requirements, a plaintiff must satisfy any statutory requirements for standing applicable to the specific claims the plaintiff asserts. Gaston Copper, 629 F.3d at 396.

demonstrate that one of its members would have standing to assert the claims in the member's own right. Gaston Copper, 629 F.3d at 397. Finally, the party claiming that the Court has jurisdiction over a dispute has the burden of establishing standing. Mirant Potomac River, LLC v. United States Environmental Protection Agency, 577 F.3d 223, 226 (4th Cir. 2009).

In the context of an action seeking injunctive relief pursuant to the ADA, a plaintiff can only satisfy the injury-in-fact element of standing where the plaintiff alleges facts "giving rise to an inference that he will suffer future discrimination by the defendant." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 948 (9th Cir. 2011); Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2nd Cir. 2008); Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 561 (3rd Cir. 2002); Clark v. Buger King Corp., 255 F. Supp. 2d 334, 342-43 (D.N.J. 2003); Small v. Gen. Nutritional Cos., Inc., 388 F. Supp. 2d 83, 87 (E.D.N.Y. 2005). A plaintiff satisfies this standard by showing that she previously encountered architectural barriers (or knew of the barriers) at a location and intends to return to that location in the future. Molski v. Arby's Huntington Beach, 359 F. Supp. 2d 938, 946 (C.D. Cal. 2005). "Intent to return to the place of injury 'some day' is insufficient." Small, 388 F. Supp. 2d at 87; see also Lujan, 504 U.S. at 564, 112 S. Ct. at 2138; Steger v. Franco, Inc., 228 F.3d 889, 893 (8th Cir.

2000).

Plaintiff has not met her burden of demonstrating that she has standing to assert the ADA claims against Defendant because she fails to allege facts showing that she intends to return to the KMart Shopping Plaza in the future, or that she would do so were it not for the architectural barriers. Plaintiff lives in Florida, not Asheville. (Pl.'s Comp. ¶ 2.) There are no allegations in the Complaint that she regularly visits Asheville or has any connection to Asheville that would draw her back to the city, much less to the KMart Shopping Plaza at issue in this dispute. Instead, Plaintiff Payne alleges that she previously visited <u>Raleigh</u> to meet with the Disability Action Network and plans on returning to North Carolina to do additional work with this group in the future. (<u>Id.</u> ¶ 8.) Raleigh is over 200 miles from Asheville, and the Complaint does not allege that she intends to return to Asheville to continue this work.

Moreover, even though the Complaint alleges that Plaintiff Payne "plans to return to the property to avail herself of the goods and services offered to the public at the property in a manner equal to that offered to individuals who are not disabled, once the Defendant has eliminated the violations," this conclusory allegation that she intends to visit the KMart Shopping Plaza some day in the future is insufficient to satisfy the constitutional requirements of standing. <u>See</u> <u>Lujan</u>, 504 U.S. at 564, 112

S. Ct. at 2138 ("Such 'some day' intentions-without any description of concrete plans, or indeed even any specification of when the some day will be-do not support a finding of the 'actual or imminent' injury that our cases require."); see also Small, 388 F. Supp. 2d at 87; Steger, 228 F.3d at 893; National Alliance for Accessibility, Inc. v. Horne-River Ridge II, LP, No. 1:10cv286, 2011 WL 1103791, at *3 (W.D.N.C. Mar. 3, 2011) (Howell, Mag. J.); Harty v. Luihn Four, Inc., No. 5:10cv107, 2010 WL 4026092, at *3 (E.D.N.C. Oct. 13, 2010). Because the Complaint is devoid of any factual allegations that Plaintiff Payne plans on returning to the KMart Shopping Plaza in Asheville, she has not satisfied her burden of showing an actual or imminent injury sufficient to satisfy the injury-in-fact requirement of standing and, therefore, lacks standing to assert a claim under the ADA.

Like Plaintiff Payne, Plaintiff National Alliance also lacks standing to assert an ADA claim on behalf of its members. In order to have standing, National Alliance must demonstrate that one of its members has standing to asset claims against Defendant. See Gaston Copper, 629 F.3d at 397. Plaintiff Payne is the only member of National Alliance that the Complaint alleges visited the KMart Shopping Plaza; the Complaint lacks any factual allegations concerning any other member of National Alliance. As discussed above, Plaintiff Payne lacks standing to assert ADA claims against Defendant. Because Plaintiff National Alliance has not shown that one of its

members has standing to assert ADA claims on his or her own behalf, it lacks standing to assert claims against Defendant on behalf of its members. The Court, therefore, **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss [#8].

IV. **Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss [#8] and **DISMISS** this action because Plaintiffs lack standing to assert ADA claims against Defendant.

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the

findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: April 8, 2011

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge